**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALISON THIBAULT and <br> JEREMY THIBAULT <br> 3124 W 21st Avenue <br> Denver, Colorado 80211 <br><br> Plaintiffs, <br><br> v. <br><br> MEDSTAR-GEORGETOWN MEDICAL <br> CENTER, INC., D/B/A GEORGETOWN <br> UNIVERSITY HOSPITAL <br> 3800 Reservoir Road NW <br> Washington, DC 20007 <br><br> and <br><br> MEDSTAR HEALTH, INC. D/B/A <br> MEDSTAR-GEORGETOWN MEDICAL <br> CENTER., INC D/B/A GEORGETOWN <br> UNIVERSITY HOSPITAL <br> CT Corporation <br> 1015 15th Street, NW, Suite 1000 <br> Washington, DC 2005 <br><br> and <br><br> IVICA DUCIC, M.D. <br> Plastic Surgery, Nerve & Headache <br> Institute <br> 7601 Lewinsville Road <br> McLean, Virginia 22102 <br><br> Defendants. | Case No. 15-cv-1204 <br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiffs Alison Thibault and Jeremy Thibault (collectively, "Plaintiffs"), by and through undersigned counsel, bring this action against defendants MedStar-Georgetown Medical Center,

Inc. d/b/a Georgetown University Hospital ("Georgetown University Hospital"), MedStar Health, Inc. d/b/a MedStar-Georgetown Medical Center, Inc., d/b/a Georgetown University Hospital ("MedStar Health"), and Ivica Ducic, M.D. ("Dr. Ducic") (collectively, "Defendants"), to recover for losses suffered as a result of Defendants' negligence that rendered Mrs. Thibault totally disabled, and in support of their complaint allege as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants were doing business in the District of Columbia during the relevant time period and the acts or omissions that form the basis for claims against Defendants occurred in the District of Columbia.

3. Plaintiffs appropriately gave notice of their intent to file a lawsuit to defendant Georgetown University Hospital on November 17, 2014, defendant MedStar Health on November 14, 2014, and defendant Ivica Ducic, M.D. on November 19, 2014 more than ninety (90) days prior to the filing of this complaint, in compliance with D.C. Code Section 16-2802.

## PARTIES

4. Plaintiffs Alison and Jeremy Thibault are adult residents of the State of Colorado. They reside together at 3124 W 21st Avenue Denver, Colorado 80211.

5. At all times relevant hereto defendant Georgetown University Hospital was a medical corporation in the business of providing health care services, through its employees, servants and real and/or ostensible agents, to those in need thereof in the District of Columbia.

6. At all times relevant hereto defendant MedStar Health, was a medical corporation in the business of providing health care services, through its employees, servants and real and/or ostensible agents, to persons in need thereof in the District of Columbia,.

7. At all times relevant hereto defendant Dr. Ducic was a physician practicing in the specialty of plastic surgery and peripheral nerve surgery, and at all times relevant hereto was duly licensed in the District of Columbia to provide health care services to persons in need thereof, including Alison Thibault. At all times relevant herein, Dr. Ducic was Chair of the Peripheral Nerve Surgery Institute at defendant Georgetown University Hospital and an employee, servant and/or real and/or ostensible and/or apparent agent of defendants Georgetown University Hospital and MedStar Health.

## FACTUAL BACKGROUND

8. Alison Thibault was a patient under Defendants' care. Dr. Ducic recommended that she undergo an occipital neurectomy operation to relieve her headaches.

9. Dr. Ducic failed to obtain informed consent to the occipital neurectomy operation. Dr. Ducic told Alison Thibault that the only disadvantage to performing the occipital neurectomy would be numbness in the back of the head. Dr. Ducic never informed her that a substantial percentage of patients receiving an occipital neurectomy have severe, intractable, incapacitating pain. If he had informed her of this possible complication, she would not have had the occipital neurectomy. Additionally, a reasonable patient in the position of Alison Thibault would not have elected to go forward with the occipital neuretomy.

10. On or about August 15, 2012, Dr. Ducic performed an occipital neurectomy on Alison Thibault.

11.     Alison Thibault had been advised prior to the operation that the operation would probably relieve her headaches.

12.     After the surgery, Alison Thibault was left with severe, untreatable, and disabling pain that has been much worse than the pain prior to the time of surgery.

13.     Alison Thibault is now totally disabled as a result of this pain and unable to work.

## **MEDICAL NEGLIGENCE**

14.     The allegations of paragraphs 1 through 13 are hereby re-alleged as though fully set forth herein.

15.     At all times relevant hereto, Dr. Ducic, and Georgetown University Hospital and MedStar Health, acting through their respective employees, servants and real and/or ostensible and/or apparent agents, including, but not limited to, Dr. Ducic, provided medical treatment to Mrs. Thibault.

16.     At all times relevant hereto, Dr. Ducic, and Georgetown University Hospital and MedStar Health, acting through their respective employees, servants and real and/or ostensible and/or apparent agents, including, but not limited to, Dr. Ducic, owed Alison Thibault a duty of care in accordance with applicable national standards of care.

17.     At all times relevant hereto, Dr. Ducic, and defendants Georgetown University Hospital and MedStar Health, acting through their respective employees, servants and real and/or ostensible and/or apparent agents, including, but not limited to, Dr. Ducic, breached their duties to Alison Thibault and applicable standards of care by, *inter alia:*

        a.     Negligence, gross negligence, and reckless and willful misconduct in performing an occipital neurectomy;

      b.      Georgetown University Hospital, MedStar Health, and Dr. Ducic were otherwise negligent.

18. Dr. Ducic, and defendants Georgetown University Hospital and MedStar Health, acting through their respective employees, servants and real and/or ostensible and/or apparent agents, including, but not limited to, Dr. Ducic, failed to obtain appropriate informed consent.

19. As a direct and proximate result of the aforesaid negligence and failure to provide appropriate informed consent, Alison Thibualt is now left with severe, untreatable, and constant pain. She is now totally disabled as a result of this pain and unable to work.

20. Alison Thibault, has suffered damages that are recognized under the District of Columbia law pertaining to medical malpractice actions. Those damages include, but are not limited to, past, present and future medical and hospital bills; emotional distress; and such other damages as are recognized under District of Columbia Law pertaining to medical malpractice actions. Alison Thibault has incurred, and will continue to incur, great sums of money for the medical care that she will require for the remainder of her life.

21. Additionally, in this case, punitive damages are warranted because the care and treatment by the Dr. Ducic was grossly negligent, and demonstrated willful and reckless indifference to the health and welfare of Alison Thibault.

22. WHEREFORE, Alison Thibault demands judgment against Defendants for (a) compensatory damages in this medical malpractice action in the full amount of $60,000,000, plus interest and costs incurred; and (b) for punitive damages against defendant Dr. Ducic in this medical malpractice action in the full amount of $10,000,000, plus interest and costs incurred.

## NEGLIGENCE

23.     The allegations of paragraphs 1 through 22 are hereby re-alleged as though fully set forth herein.

24.     Georgetown University Hospital and MedStar Health, by and through its agents, employees, and staff were negligent when they failed to act with the prudence that a reasonably careful person or entity would exercise under circumstances similar to those in this case.

25.     The negligence of Georgetown University Hospital and MedStar Health includes, but is not limited to, the following:

   a) Negligent hiring;

   b) Negligent training; and

   c) Negligent supervision.

26.     WHEREFORE, Alison Thibault demands judgment against Georgetown University Hospital and MedStar Health for compensatory damages in in the full amount of $60,000,000, plus interest and costs incurred.

## LOSS OF CONSORTIUM

27.     The allegations of paragraphs 1 through 26 are hereby re-alleged as though fully set forth herein.

28.     At the time of the medical negligence set forth in this complaint, the Plaintiffs were married and continue to be married.

29.     As a result of the wrongful and negligent acts of the Defendants, Plaintiffs were caused to suffer and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

6

30. All the foresaid injuries and damages were caused solely and proximately by the negligence of Defendants.

31. WHEREFORE, Jeremy Thibault demands judgment against Defendants in the full amount of $10,000,000 plus interest and costs incurred.

## JURY DEMAND

Plaintiffs respectfully demand a jury trial.

Date: July 24, 2015

Respectfully submitted,

*/s/ Michael A. Tilghman II*

James C. Bailey (DC # 462391)
Michael A. Tilghman II (DC # 988441)
BAILEY & EHRENBERG PLLC
1015 18th Street NW
Suite 204
Washington, DC  20036
T:  (202) 331-1331
F:  (202) 318-7071
jcb@becounsel.com
mat@becounsel.com

Michael M. Wilson, Esquire (DC # 941674)
Michael M. Wilson & Associates
1120 19th Street, N.W., Suite LL-11
Washington, DC 20036-3642
T: (202) 223-4488
wilson@wilsonlaw.com

*Counsel for the Plaintiffs*